UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dion C. Pennywell,

      Plaintiff,

v.

Catholic Charities of the Archdiocese
of St. Paul and Minneapolis,

      Defendant.

Civil No. 16-3347 (ADM/FLN)

**ORDER AND
REPORT &
RECOMMENDATION**

___

Dion C. Pennywell, *pro se*, for Plaintiff.
Kari Dahlin for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant's motion for judgment on the pleadings (ECF No. 22). This matter was referred to the undersigned for Report and Recommendation pursuant to 29 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 27. For the reasons set forth below, the undersigned recommends that Defendant's motion for judgment on the pleadings be **GRANTED**, and the undersigned orders Plaintiff to show cause why Defendant's request for a pre-filing injunction should not be granted.

### I. FINDINGS OF FACT

Plaintiff alleges that on September 4, 2014, Saint Paul Police approached him while he was in the park across from the Dorothy Day Center, in Saint Paul, Minnesota. ECF No. 1 at ¶ 7. According to Plaintiff, an officer informed him that a Catholic Charities of the Archdiocese of St. Paul and Minneapolis ("Defendant") employee informed the officer that they saw Plaintiff consuming alcohol in the park. *Id.* at ¶ 8. Plaintiff informed the officer that he was sober and does not drink alcohol. *Id.* at ¶ 10. Plaintiff, nevertheless, alleges that he was ticketed and charged with drinking in public and loitering with criminal intent. *Id.* at ¶ 15. Plaintiff

subsequently filed multiple complaints with Defendant asking for an explanation from Defendant for the false, slanderous. and retaliatory statements he alleges were directed at himself, his girlfriend, and his family. *Id*. at ¶ 17. Plaintiff has not received an answer from the Defendant. *Id*. at ¶ 18. Plaintiff alleges, as a result, he has suffered damage to his reputation, embarrassment, and emotional distress, and seeks damages in the amount of 10 million dollars. *Id*. at ¶ 23–24.

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) permits a party, after the pleadings have closed, to move for a judgment on the pleadings. Judgment of the pleadings is appropriate when the movant has shown that "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quotation omitted). "An issue of fact is deemed to be material if the outcome of the case might be altered by its resolution one way rather than another." *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butcher Workmen of N. Am.*, 627 F.2d 853, 855 (8th Cir. 1980) (quotation omitted). When considering a motion for judgment on the pleadings, a court must "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poel*, 528 F.3d at 1096.

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Bass v. Anoka Cnty.*, 998 F. Supp. 2d 813, 818–19 (D. Minn. 2014). "To survive a motion to dismiss for failure to a state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 819 (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 22)

Defendant moves for judgment on the pleadings arguing that Plaintiff's Complaint fails to state a claim for relief. *See e.g.*, ECF No. 22. Defendant asserts that even if all of Plaintiff's allegations are true, they do not sufficiently put Defendant on notice of the nature of Plaintiff's claims against it. *Id.* To the extent that Plaintiff's claims can be construed as a claim for defamation, that such a claim is barred by the two-year statute of limitations. *Id.*

Taking the facts pleaded by Plaintiff as true, and granting Plaintiff all reasonable inferences in his favor, Plaintiff has failed to assert a claim for which relief can be granted. Plaintiff has presented no facts which would entitle him to relief. It is unclear from the Complaint, and this Court will not endeavor to speculate, as to Plaintiff's claims against the Defendant. Plaintiff alleges that Defendant's employees made false, slanderous, and retaliatory statements directed at Plaintiff, his girlfriend, and his family. Plaintiff, however, does not state the nature of those statements or when such statements were made. Plaintiff has not established that there are any material issues of fact yet to be resolved. Plaintiff's claim stems from a ticket he received from Saint Paul Police, it is unclear how this single incident, occurring more than two-years before Plaintiff filed this matter, evidences the continued harassment Plaintiff alleges. *See e.g.*, *Poel*, 528 F.3d 1093. As such, this Court finds that Defendant is entitled to judgment as a matter of law.

### IV. DEFENDANT'S REQUEST FOR A PRE-FILING INJUNCTION

In conjunction with its motion for judgment on the pleadings, Defendant has requested the Court enjoin Plaintiff from filing any lawsuits against Defendant for any fact that occurred up

to, and including, October 3, 2016, the date this action was filed, unless Plaintiff first obtains representation from licensed counsel or prior permission from the Court.

Under the All Writs Act, 28 U.S.C. § 1651(a), "federal courts may impose pre-filing injunctions on litigants who have abused the judicial process through vexatious, burdensome, baseless or repetitive litigation." *Westley v. Bryant,* 2015 U.S. Dist. LEXIS 61989, at *33 (PJS/BRT) (D. Minn. April 17, 2015) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–19 (4th Cir. 2004)). Courts must however use such a drastic measure sparingly, and consistent with the constitutional guarantee of due process and access to the courts. *Cromer*, 390 F.3d at 817. "The due process clause requires that every man shall have the protection of his day in court." *Id.* (citing *Traux v. Corrigan*, 257 U.S. 312, 332 (1921)). "Indeed, use of such measures against a pro se plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st. Cir. 1980)). Before a court issues a pre-filing injunction it must provide the party with notice and an opportunity to be heard. *In re Pointer*, No. 09-1564, 2009 WL 2514182, at *1 (8th Cir. Aug. 19, 2009).

Here, Plaintiff has filed at least three lawsuits against Defendant and its employees. *See Pennywell v. S. Metro. Human Serv., et. al.*, No. 62-CO-16-353 (Minn. Dist. Ct. Jan. 29, 2016); *Pennywell v. Saint Paul Public Hous. Agency, et al.,* No. 16-cv-981 (ADM/SER) (D. Minn. Apr. 13, 2016); *Pennywell v. S. Metro Human Serv., Kenya L. Walker, Morgan Jeffrey*, No. 62-CO-3242 (Minn. Dist. Ct. Sept. 2, 2016). Each of Plaintiff's suits against Defendant has been either dismissed on its merits or dismissed based on Plaintiff's failure to appear. *Id.* The Court is willing to entertain Defendant's request, and enjoin Plaintiff from filing any cases against

Defendant or its employees, based on facts related to the September 4, 2014 incident, unless Plaintiff can show cause why this Court should not do so.

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff show cause, within 30 days from the date of this order, why Defendant's request for a pre-filing injunction should not be granted.

## V. RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion for judgment on the pleadings (ECF No. 22) be **GRANTED.**

2. Defendant's request for costs and attorney's fees be **DENIED**

DATED: November 2, 2017                     *s/Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before November 17, 2017, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by November 17, 2017 a complete transcript of the hearing.
This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.